UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY LEE NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12CV162 SNLJ |
| | ) |
| MANAC TRAILERS, USA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Rodney Nelson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). After reviewing the complaint for frivolousness, maliciousness and for failure to state a claim under § 1915, the Court will order plaintiff to amend his complaint and provide the Court with a copy of his charge of discrimination and his right to sue letter from the Equal Employment Opportunity Commission ("EEOC").

**The Complaint**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging race discrimination by defendant Manac Trailers, USA. Although plaintiff broadly alleges that defendant discriminated against him by failing to promote him, by retaliating against him and by harassing him, he has failed to provide the Court with a written statement of his claim, noting only two names (Tony Campbell and Ronnie Nelson)[1] in the space provided for him to do so. Additionally, plaintiff has failed to attach a copy of his charge of discrimination and his EEOC right to sue letter, so the Court has been unable to determine the timeliness of plaintiff's claims.

## Discussion

Because plaintiff's complaint lacks completely lacks a "Statement of Claim," he will be required to amend his complaint on a court-provided form.  The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

---

[1] It is unclear whether plaintiff has listed these individuals as witnesses to the alleged discrimination or whether he intends for Mr. Campbell and Mr. Nelson to be listed as individual defendants in this action.  Title VII provides a remedy only against an "employer."  The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII."  Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998).  Thus, if plaintiff is attempting to sue these individuals under Title VII, it is likely that they would be subject to dismissal when the Court reviews this action under 28 U.S.C. § 1915.

Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint.  Plaintiff is warned that the filing of the amended complaint **completely replaces** the original complaints, and claims that are not re-alleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.  A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Additionally, plaintiff must submit a copy of his charge of discrimination and EEOC right to sue letter to the Court, along with his amended complaint.  If he has not yet received an EEOC right to sue letter, this Court would not have jurisdiction over plaintiff's EEOC claim[2]

---

[2]"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).  If plaintiff has received an EEOC

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided form, and submit a copy of his charge of discrimination and EEOC right to sue letter within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 26th day of September, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

right to sue letter, he must submit a copy of it so the Court can ascertain the timeliness of his federal employment claims. See 42 U.S.C. § 2000e-5(f)(1)(to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).