UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **RODNEY LEE NELSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:12-CV-00162SNLJ |
| | ) |
| **MANAC TRAILERS, USA,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

Plaintiff filed his complaint *pro se* against his former employer, defendant Manac Trailers, USA, alleging that defendant failed to promote, harassed, and discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Defendant filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (#12). Plaintiff has not responded, and the time for doing so has passed.

**I.      Background**

For purposes of the motion to dismiss, the Court accepts as true plaintiff's allegations. Plaintiff was employed by defendant and resigned on November 16, 2011. He alleges that the Plant Manager made a racist comment and that he was not offered a promotion. He also alleges that he was involved as a fact witness in a sexual harassment investigation against that same Manager and that, after his interview with Human Resources, he was harassed and received unfavorable reviews. He believes the unfavorable reviews were retaliation for his involvement in the investigation. He also states that he was temporarily moved to another, physically demanding department as "cross-training," but he believes that move was also retaliation.

Plaintiff submitted a Charge of Discrimination to the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on December 6, 2011.  His Charge of Discrimination states that (1) he transferred to a different department in retaliation for his involvement as a fact witness in the sexual harassment investigation, (2) when he went back to his former department, the Plant Manager requested that he be sent back to a different department because the Manager "did not want [his] 'black ass' there," and (3) around that same time, the Plant Manager asked plaintiff's supervisor to write plaintiff up for poor performance.  Plaintiff stated in his Charge that he believes he those acts were all in retaliation for his involvement in the sexual harassment investigation and, with respect to the Plant Manager's comment, also due to his race.

Plaintiff filed his complaint on September 20, 2012 and an amended complaint on October 15, 2012.  Defendant filed the instant motion to dismiss.

**II.     Legal Standard**

Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A petitioner need not

provide specific facts to support her allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

**III.    Discussion**

"Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to

perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).  To exhaust administrative remedies, "a Title VII plaintiff must timely file [his] charges with the EEOC and receive, from the EEOC, a 'right to sue' letter." *Shannon*, 72 F.3d at 684 (citing 42 U.S.C. § 2000e-5(b), (c), (e)).  "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his] employment-discrimination claim, along with allegations that are 'like or reasonably related' to that claim, in federal court." *Id.*

Plaintiff completed the Court's form Employment Discrimination Complaint and checked the boxes to indicate that defendant's illegal conduct included retaliation, harassment, and failure to promote (Am. Cmplt. ¶ 10).  Defendant contends that plaintiff has not exhausted his administrative remedies properly with respect to his claims for harassment or failure to promote because he did not include them in his Charge of Discrimination.  The Court will discuss each of those claims separately.

### A.   Harassment

Plaintiff's Charge discusses that he was retaliated against, that he was written up for poor performance, and that he was "moved to a different department in due to my race, Black." Although plaintiff's checked a box to indicate he is making a claim for harassment, the narrative portion of plaintiff's Complaint refers to harassment only in the sense that, after he provided information to Human Resources about the sexual harassment investigation, "all of the harassment started."  He goes on to state that he received unfavorable write-ups after having received good work evaluations, and he complains that he was moved to a more physically

demanding department.  He indicates that the write-ups and the move were in retaliation.

It does not appear that plaintiff is making a hostile work environment claim.  Rather, it appears that plaintiff characterizes the alleged acts of retaliation as "harassment."  To the extent plaintiff did intend to make a hostile work environment claim, however, this Court holds that he cannot do so because he did not raise a hostile work environment claim in his Charge.  *See, e.g.*, *Martin v. Trinity Marine Products, Inc.*, 1:11CV181SNLJ, 2012 WL 1620164, *3 (E.D. Mo. May 9, 2012) (dismissing harassment claim and observing that "[a]lthough there is no box on the charge form labeled 'harassment' or 'hostile work environment' that he could have checked, there is a box labeled 'other,' which plaintiff left blank.").  Plaintiff's harassment claim will be dismissed.

      **B.**    **Failure to Promote**

With respect to plaintiff's failure to promote claim, the narrative portion of plaintiff's Complaint states that he was not offered an open group leadership position.  That alleged "failure to promote" was not mentioned at all in plaintiff's Charge of Discrimination.

Plaintiff does appear to intend to bring a failure to promote claim in his complaint.  However, because plaintiff did not raise such a claim in his Charge, he has not exhausted his administrative remedies as to that claim, and he may not now bring such a claim to this Court.  Although the Court is mindful that "courts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil litigants...there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Shannon*, 72 F.3d at 685 (internal quotation omitted).  Here, plaintiff made no mention of the alleged failure to promote in his Charge, nor is it even "like or reasonably related" to the claims made in his

Charge of Discrimination.  *Id.* at 684.  Thus, the failure to promote claim will be dismissed.

## IV. Conclusion

The Court will dismiss plaintiff's claims for failure to promote and harassment.  Plaintiff's retaliation claim remains.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims for failure to promote and harassment are **DISMISSED**.

Dated this   15th   day of May, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE